IN THE ESTATE OF PHILLIP R. MILLER, DECEASED, HAZEL LONG, ADMINISTRATRIX v. SALVATION ARMY, INC.; DONNA HUNNESHAGEN.

[No. 2-775A176. Filed January 27, 1977.]

*Russel J. Wildman,* of Peru, for appellant.

*James A. Grund,* of Peru, *George Wildman,* of Logansport, for appellees.

## STATEMENT OF THE CASE

LOWDERMILK, J.—This case was transferred from the Second District to this office in order to lessen the disparity in caseloads among the Districts.

Hazel Long, administratrix of the estate of Phillip R. Miller (hereinafter Hazel and Phillip respectively) appeals from an adverse judgment of the Probate Court which found that a duly executed carbon copy of Phillip's will should be probated.

We reverse.

## *FACTS*

The facts necessary for our disposition of this appeal are as follows: On March 4, 1969, Phillip executed his will. There was one ribbon copy and two carbon copies of the instrument.

The ribbon copy and one of the carbon copies were kept by Phillip, and one carbon copy was retained by Phillip's attorney. On September 15, 1969, Phillip was confined to a nursing home where he remained until his death on February 23, 1972. The ribbon and carbon copy of Phillip's will which he had retained were never found. On February 29, 1972, his daughter and sole heir, Hazel Long, qualified as the administratrix of Phillip's estate. On February 9, 1973, the Salvation Army, Inc., filed a petition which sought to have an executed carbon copy of Phillip's will admitted to probate. On February 20, 1973, Hazel filed her objections to the probate of this will. On November 20, 1974, the trial court overruled Hazel's objections, and ordered the will admitted to probate. The order provided in pertinent part as follows:

### "ORDER

\*     \*     \*

"That by reason of the stipulations heretofore filed in Paragraph 12, the Objector herein states, 'Hazel Long had no access to any of the books—and papers'. That by reason of said statement the Petitioner could clearly call Mrs. Hunneshagen as a witness to rebut said statement which she did by stating that she left the home referred to in Rochester and that she turned the keys to decedent's home over to the said Hazel Long, and that she [the] said Mrs. Hunneshagen was a fit and proper witness to be called by the Petitioner as to this testimony and, further, that she was a fit and proper witness as to the disposition of decedent's desk and safe after decedent's death. And now the Court sustains the Objector's testimony as to any and all other matters by both Mr. and Mrs. Hunneshagen and all of the said tesimony, other than that just referred to, is ordered stricken from the record.

"The Court further finds that there is in existence Burns Indiana Statute 6-506, IC 29-1-5-6, which states: 'No will in writing, nor any part thereof, except as in this act provided, shall be revoked, unless the testator, or some other person in his presence, and by his direction, with intent to revoke, shall destroy or mutilate the same; . . .'."; and that by reason of this Statute the burden is upon the Objector to show that the decedent did, in fact, revoke his will as she claims.

"The Court further finds that by reason of the stipulation that the inference that the will was in possession of decedent, is clearly overcome by reasoen of the fact that said deceased was in a nursing home two years prior to his death and that this situation is in point with *Cope* v. *Lynch*, 176 N.E. (2d) 897, 902 (1961) 132 Indiana Appellate, 673, which has been recently "affirmed by the Indiana Appellate Court in Bechert v. Lehe, [161] Ind. App. [454], 316 N.E. (2d) 394 (September 12, 1974).

"The Court further finds that in the instant case, the so called copy, which is being tendered for probate, is, in fact, a duplicate of the original since it was executed in the same manner as the original and, although there seems to be no case in point, it appears to this Court that where a decedent has, in fact, executed one or more duplicates, it is clearly the intent of the testator that should something happen to the original will, for any reason whatsoever, said duplicate should, in fact, be probated.

\*     \*     \*"

## ISSUE

1. Whether the judgment of the trial court is contrary to the evidence or contrary to law.

## DISCUSSION AND DECISION

We wish to note at the outset of our discussion that petitioner-appellee, Salvation Army, Inc., has failed to supply this court with a brief. Therefore, Hazel need only demonstrate a prima facie case of reversible error to obtain a reversal of this cause. *In the Matter of the Adoption of Sheeks* v. *Alvarado* (1976), 168 Ind. App. 591, 344 N.E.2d 872, 873; *Environmental Control Systems, Inc.* v. *Allison* (1974), 161 Ind. App. 148, 314 N.E.2d 820, 821.

Hazel argues that the trial court erred in permitting Donna Hunneshagen, a devisee under Phillip's will, to rebut stipulations of fact entered into by the parties. The parties stipulated, *inter alia*, to the following facts:

"\*     \*     \*

11. That Phillip R. Miller never had any conversation with Hazel Long with reference to the will dated March 4,

1969, and never had any conversation with Russel J. Wildman about any will after March 4, 1969. *That neither Hazel Long or Russell J. Wildman have any knowledge of what disposition the said Phillip R. Miller made of said ribbon and carbon copy of the will left with him.*

12. . . . . That during the period from the date of said will until decedent's death, *Hazel Long had no access to any of his books, records, or other papers, and did not know where the said Phillip R. Miller kept his books, records and papers.* That upon his death, the only books, papers, records and documents she found, were either in the house he owned and lived in in [sic] Rochester, "Indiana at the time said will was written, or in the nursing home where he died. That she has no knowledge of any other places that he may have kept papers." (Our emphasis)

*     *     *"

As the Order of the trial court demonstrates, Donna was permitted to testify that on September 15, 1969, she turned over the keys to Phillip's residence to Hazel. The purpose of this testimony was to help overcome the presumption that when a will is traced to the possession or control of a testator, and cannot be found following his death, that said will has been revoked by the testator with *animus revocandi. McDonald* v. *McDonald* (1895), 142 Ind. 55, 41 N.E. 336, 345; *Fye* v. *Hamilton* (1920), 75 Ind. App. 99, 129 N.E. 237, 239. It is also the general rule that when a mutilated copy of a will is found in the possession of the testator at his death, or the ribbon copy is traced to the testator's possession and cannot be found, not only is the original copy revoked, but all duplicates of the original are presumed revoked as well. *Roberts* v. *Fisher* (1952), 230 Ind. 667, 105 N.E.2d 595, 599; 79 Am. Jr. 2d Wills § 611; Annot., 17 ALR2d 814, § 6.

The stipulation of facts executed between Hazel and Salvation Army, Inc. clearly state that Hazel had no knowledge of the whereabouts of the ribbon copy of Phillip's will, nor knowledge of, or access to, his books, records and other papers. The Salvation Army, Inc., through the testimony of Donna, sought to rebut these factual stipulations by allowing the trial

court to draw the inference that since Hazel had the key to her father's home she may well have found the ribbon copy of the will and secreted or destroyed it.

Findings of fact which have neither been set aside or withdrawn by the parties are conclusive both upon the parties and the court. *Bd. of Trustees, Police Pension Fund, City of Terre Haute, Indiana* v. *State ex rel. Russell* (1966), 247 Ind. 570, 219 N.E.2d 886, 891; *Raper* v. *Union Federal Sav. and Loan Ass'n of Evansville* (1975), 166 Ind. App. 482, 336 N.E.2d 840, 844; *Bruggner* v. *Shaffer* (1965), 138 Ind. App. 183, 210 N.E.2d 439, 441. Therefore, the trial court erred in allowing the Salvation Army, Inc. to contradict the parties stipulation of facts through the testimony of Donna.

With the above testimony properly excluded, the only evidence of probative value tending to rebut the presumption that Phillip revoked his will was the stipulated fact that he was in a nursing home from September 15, 1969, until the date of his death. The trial court found that this clearly outweighed the presumption that Phillip had revoked his will, citing the opinion of *Cope* v. *Lynch* (1961), 132 Ind. App. 673, 176 N.E.2d 897. The facts in the case of *Cope* v. *Lynch, supra,* presented a much stronger case for nonrevocation than do the facts in the case at bar. In *Cope* v. *Lynch, supra,* there was evidence from which reasonable men could infer (1) that decedent was too weak and physically infirm to have been in actual custody and control of his will, and (2) that decedent's son had destroyed the will. In the case at bar the record discloses that Phillip made his will on March 4, 1969. Phillip did not enter the nursing home until September 15, 1969. Therefore, Phillip had complete control over the ribbon copy of his will for more than 6 months. Also, when Donna's testimony is properly excluded, there is no evidence from which an inference can be drawn that Hazel secreted or destroyed her father's will, or other evidence that Phillip did not himself destroy the will.

We are of the opinion that Hazel has made a prima facie case that the trial court committed reversible error. Therefore, this case is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

Robertson, C.J., and Lybrook, J., concur.

NOTE.—Reported at 359 N.E.2d 270.