UNITED FARM BUREAU MUTUAL INSURANCE
COMPANY *v.* BRUCE R. RUNNELS

[No. 1-378A55. Filed November 30, 1978.]

*Glenn E. Davis, Sr., Davis & Davis,* of Indianapolis, *Gerald G. Angermeier, Jewell, Crump & Angermeier,* of Columbus, for appellant.

*William H. Stone, Cline, King & Beck,* of Columbus, for appellee.

ROBERTSON, J.—Defendant-appellant United Farm Bureau Mutual Insurance Company (Farm Bureau) appeals from an entry of summary judgment in favor of plaintiff-appellee Bruce R. Runnels (Runnels).

The sole issue on appeal concerns the legality of a proration clause which effectively reduces an insurer's liability on any one policy below that mandated by our uninsured motorist statute, IND. CODE 27-7-5-1. Said statute provides, in pertinent part:

"Sec. 1. No automobile liability or motor vehicle liability policy or insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, chapter 159, sec. 14, as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

Provided, That the named insured shall have the right to reject

such coverage (in writing) and Provided further, That unless the named insured thereafter requests such coverage, in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage, in connection with a policy previously issued to him by the same insurer."

Acts 1947, chapter 159, sec. 14 to which the statute alludes, has been codified as IC 9-2-1-15 and establishes the amount of financial responsibility to be proven by an owner or operator of a motor vehicle in the event of an accident. Those amounts are $15,000 for injury or death of one person, and $30,000 for the injury or death of two or more persons for any one accident. As such, an insurer must include uninsured motorist coverage in the above amounts for policies delivered in this State unless such coverage is rejected in writing by the named insured.

The facts which give rise to this appeal are not in dispute. Farm Bureau issued two policies to Runnels which separately covered his Jeep and Datsun. Each policy purported to provide the minimum coverage required by IC 27-7-5-1, and contained the following proration clause.

"Except as provided in the foregoing paragraphs, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater portion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

On July 23, 1976, Runnels was injured in his Datsun when struck by an uninsured motorist. The parties stipulated that Runnels suffered personal injuries in excess of $30,000, and that the accident was solely and proximately caused by the negligence of the uninsured motorist. Runnels sought and the trial court awarded, on the basis that the proration clauses were void as repugnant to IC 27-7-5-1, judgment against Farm Bureau in the aggregate amount under both policies for $30,000. Farm Bureau alleges error in declaring the clauses void.

In essence, the proration clauses provided that if Runnels had other available insurance, his maximum recovery would be limited to the highest ceiling amount of all applicable policies. Further, the liability of Farm Bureau would be computed as an amount proportionate to the

limits that the Farm Bureau policy bore to the limits of the "other insurance." Accordingly, under the facts at bar, Farm Bureau asserts Runnels cannot collect more than $15,000 which would be borne by both policies in the proportionate amount of $7,500 each. Farm Bureau contends that IC 27-7-5-1 is satisfied if a total of $15,000 is made available to the injured insured, while Runnels argues that the statute applies to *each* policy, and that therefore the insurer cannot contractually dilute the mandatory $15,000 on the fortuitous circumstances of other insurance being available.

Several recent cases have addressed the validity of contractual provisions in insurance policies which in practical effect do not singly afford the statutory minimum coverage to victims who suffer injury at the hands of uninsured motorists.[1] Excess and escape clauses, whereby an uninsured motorist carrier is either partially or completely relieved of liability, have been pronounced invalid as in contravention of IC 27-7-5-1. *Patton v. Safeco Insurance Company of America* (1971), 148 Ind.App. 548, 267 N.E.2d 859; *Simpson v. State Farm Mutual Automobile Insurance Company* (S.D. Ind. 1970), 318 F.Supp. 1152. Likewise, an attempt to "set off" funds recovered under workmen's compensation is in derogation of the statute. *Leist v. Auto Owners Insurance Company* (1974), 160 Ind.App. 322, 311 N.E.2d 828. The rationale of these cases is rooted in the proper interpretation of IC 27-7-5-1, which is dispositive of the issue presented herein.

First, we are bound to give effect to the clear and unambiguous meaning of a statute, and we are not at liberty to substitute language under the assumption we believe the Legislature intended a result at variance with that which is clearly expressed. *Ott v. Johnson* (1974), 262 Ind. 548, 319 N.E.2d 622; *Grody v. State* (1972), 257 Ind. 651, 278 N.E.2d 280; *Town of Kewanna Water Works v. Indiana Employment Security Board* (1961), 131 Ind.App. 400, 171 N.E.2d 262. Secondly, statutes relating to insurance and insurance policies are to be read in a light most favorable to the insured. *Cannon v. American*

---

1. The subject has received extensive attention. *See e.g.,* 28 A.L.R. 3rd 551; 7 *Appleman, Insurance Law and Practice* § 4331 (Supp. 1972); 19 *Couch on Insurance 2d* § 82.1 : 10 (1968); Widiss, *Uninsured Motorist Coverage* § 2.61 (1970). For a critical analysis of Indiana law, *see* 9 Val.U.L.Rev. 135 (1974-5).

*Underwriters, Inc.* (1971), 150 Ind.App. 21, 275 N.E.2d 567; *Patton, supra; Leist, supra.* Lastly, uninsured motorist legislation is remedial in nature and should be liberally construed. *Indiana Insurance Company v. Noble* (1970), 148 Ind.App. 297, 265 N.E.2d 419; *Cannon, supra.* In accordance with the foregoing, we expressly adopt the holding in *Patton, supra,* wherein this court declared:

"Section 39-4310 [IC 27-7-5-1], *supra,* states that '[n]o * * * policy of insurance * * * shall be delivered or issued for delivery in this state * * * unless * * *.' Such statute further states that it is ' * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *.' The thrust of the statute *is directed at each policy of insurance* and for the protection of persons insured." [Emphasis added.]

148 Ind.App. at 554, 267 N.E.2d at 863-4.

And, further:

"If the Legislature had intended to limit the recovery of persons injured by an uninsured motorist to the limits of one policy, even though such persons are covered by more than one policy, § 39-4310, *supra,* would be directed at the injured parties and not at each policy of insurance. Therefore, the 'excess-escape' clause, being an attempt by the insurer to limit the application of § 39-4310, *supra,* is in derogation of said statute, invalid and unenforceable."

148 Ind.App. at 555, 267 N.E.2d at 864.

The *Patton* interpretation applies with equal force here. The uninsured motorist coverage in *both* policies were applicable because such coverage attached to the person of the insured. *See Cannon, supra.* Since the proration clauses attempted to limit the exposure of Farm Bureau under each policy to less than $15,000, the clauses were properly declared void as being in contravention of IC 27-7-5-1.

Nevertheless, Farm Bureau urges us to adopt the reasoning of *Nationwide Mutual Insurance Co. v. Ealy* (1972), 221 Pa. Super. 138, 289 A.2d 113, wherein the court held that the purpose of similar uninsured motorist legislation was to ensure compensation to the same extent as if the uninsured motorist had carried the *minimum* amount of insurance under the Pennsylvania financial responsibility statute. In support, Farm

Bureau argues that *Ealy* is consistent with Indiana law, citing *Bocek v. Inter-Insurance Exchange of the Chicago Motor Club* (1977), 175 Ind.App. 69, 369 N.E.2d 1093, and *Indiana Insurance Company v. Noble, supra,* wherein the Court of Appeals stated that the uninsured motorist statute should be considered in light of our financial responsibility statute. Unlike *Ealy,* however, neither case held that the purpose of IC 27-7-5-1 was to ensure compensation *only* to the extent of $15,000 per individual. Rather, in *Bocek, supra,* we declared the purpose was to place the injured insured in the same position as if the uninsured motorist had carried *liability insurance* and that the statute is directed to injuries for which the insured is legally entitled to compensation. Furthermore, the *Ealy* interpretation of Pennsylvania uninsured motorist legislation is diametrically opposed to our interpretation of IC 27-7-5-1 as announced in *Patton, Simpson,* and *Leist.* As such, we decline to adopt the reasoning and result of *Ealy, supra.*

Farm Bureau next contends that the "declarations" in each policy limited the total uninsured motorist coverage to $15,000, relying on *Jeffries v. Stewart* (1974), 159 Ind.App. 701, 309 N.E.2d 448. In *Jeffries,* we indicated that a *single* policy covering several vehicles might validly restrict uninsured motorist coverage to $15,000 per individual (absent an ambiguity) if properly stated in the policy declarations.[2] *Jeffries* is clearly distinguishable because it involved a single policy and could therefore come within the dictates of IC 27-7-5-1, that *each* policy provide for $15,000 coverage. When separate policies are issued, however, an insurer may not accomplish in the declaration what is otherwise forbidden by IC 27-7-5-1.

Lastly, Farm Bureau suggests that it would not be unjust to limit recovery notwithstanding the fact that Runnels paid two premiums for coverage under the policies. Farm Bureau asserts that the premiums were based on "actuarial necessity" or "the additional risk of exposure to such a loss." From the foregoing, however, it is obvious that our result today is mandated by the purpose and effect of IC 27-7-5-1, and not on

---

2. For an application of the *Jeffries* rationale, *see Miller v. Hartford Accident & Indemnity Co.* (7th Cir. 1974), 506 F.2d 11. Like *Jeffries,* however, *Miller* is inapplicable here in that it involves a single policy.

the basis of the premiums paid by Runnels. Farm Bureau attempted to limit *coverage* in derogation of the uninsured motorist statute, and hence the basis upon which the premiums were computed is wholly irrelevant.

Accordingly, the trial court is in all respects affirmed.

Lybrook, P.J. and Lowdermilk, J., concur.

NOTE—Reported at 382 N.E.2d 1015.