UNITED FARM BUREAU MUTUAL INSURANCE COMPANY
*v.* CLYDE J. WOLFE, JR.

[No. 1-478A85. Filed November 30, 1978.]

*Jerdie D. Lewis,* of Terre Haute, *Kenneth C. Miller,* of Brazil, *Lewis and Lewis,* of Terre Haute, for appellant.

*Luther G. Johnson, Mann, Chaney, Johnson, Hicks & Goodwin,* of Terre Haute, *Craig, Craig & Yelton,* of Brazil, for appellee.

ROBERTSON, J.—Defendant-appellant United Farm Bureau Mutual Insurance Company (Farm Bureau) appeals from a judgment in favor of plaintiff-appellee Clyde J. Wolfe, Jr. (Wolfe). We affirm.

This cause was tried to the court upon stipulated facts. Farm Bureau issued two automobile liability policies to Wolfe which contained uninsured motorist endorsements in the ceiling amount of $15,000 each. Following an accident, Wolfe instituted an action against one Sizemore and delivered a copy of the complaint to Farm Bureau. Thereafter, Wolfe forwarded a copy of Sizemore's affidavit that he was an uninsured motorist to Farm Bureau. Farm Bureau declined to intervene in the action, and following a $32,500 judgment against Sizemore, Wolfe sent a copy of the judgment to Farm Bureau, together with a demand for $15,000 under each policy. Farm Bureau refused payment, and this litigation ensued.

In his complaint, Wolfe generally alleged the above facts and sought damages for Farm Bureau's failure to perform its contractual obligations. A stipulated exhibit of a Farm Bureau pamphlet was received without objection which provided, among other things, that Farm Bureau would not be bound by a judgment against an uninsured motorist unless the insured had obtained the prior written consent of Farm Bureau. It also required the parties to submit disputes of uninsured motorist coverage to arbitration. Farm Bureau's answer, the stipulated facts, and the trial court's judgment refer only to Farm Bureau's defense of Wolfe's failure to submit to arbitration. The trial court held that the arbitration requirement had been waived,[1] and entered judgment against Farm Bureau for $30,000.

Farm Bureau first contends that the trial court's conclusion that they are bound by the prior suit is contrary to law in that the evidence did not disclose whether "the action by Wolfe against the uninsured motorist was prosecuted *with the written consent of Farm Bureau.*" Wolfe replies, and we agree, that the defense of non-compliance with the condition precedent of obtaining Farm Bureau's written consent was waived.

The affirmative defense or failure to perform a condition precedent must be specifically and particularly asserted in a responsive pleading. Ind. Rules of Procedure, Trial Rule 9(C), 8(C). Farm Bureau neglected to do so. Nevertheless, Farm Bureau contends the issue was tried by the implied consent of Wolfe because:

---

1. Farm Bureau does not question this finding on appeal.

(1) since Wolfe sued on a contract, the performance of all conditions precedent were automatically injected into issue, and (2) since the pamphlet with the written consent provision was admitted without objection, Wolfe impliedly consented to the litigation of all defenses contained therein. These contentions are without merit.

First, Wolfe generally alleged facts sufficient to entitle him to recovery on the policies. TR.9(C). To accept Farm Bureau's contention that a suit on a contract automatically raises all contractual defenses would result in a total emasculation of TR.9(C) and 8(C).[2] Secondly, although the pamphlet was before the court, *the stipulations and pleadings are silent with respect to whether or not Wolfe obtained Farm Bureau's written consent.* These parties were bound by the stipulations of fact. *School City of Gary v. State ex rel. Artists' League* (1970), 253 Ind. 697, 256 N.E.2d 909; *Matter of Estate of Miller* (1977), 172 Ind.App. 21, 359 N.E.2d 270. The stipulations were not withdrawn or supplemented. *Id.* Therefore, the issue was waived because it was not litigated or properly raised in a responsive pleading. *See Lawshe v. Glen Park Lumber Co., Inc.* (1978), 176 Ind.App. 000, 344, 375 N.E.2d 275; *Hacker v. Review Board of the Indiana Employment Security Division* (1971), 149 Ind.App. 223, 271 N.E.2d 191.

The only remaining issues allege error in the trial court's conclusion that Wolfe was entitled to full recovery under both policies despite proration clauses included in each policy. We examined the same issues under comparable facts in a case handed down today, and resolved them against the position taken by Farm Bureau. *United Farm Bureau Mutual Insurance Co. v. Runnels* (1978), 178 Ind.App. 435, 382 N.E.2d 1015.

Accordingly, the judgment is affirmed.

Lybrook, P.J. and Lowdermilk, J., concur.

NOTE—Reported at 382 N.E.2d 1018.

---

2. Further, a general denial does not raise the defense of failure to perform conditions precedent. *See Thompson v. City of Aurora* (1975), 263 Ind. 187, 325 N.E.2d 839.