**INDIANA INSURANCE COMPANY, Defendant-Appellant,**

v.

**Bobby W. IVERS, Administrator of the Estate of Ellen Fay Ivers and Kenneth R. Berkenmeyer, Administrator of the Estate of Linda L. Berkenmeyer, and Kenneth R. Berkenmeyer, Father of Sue Ann Berkenmeyer and Michael K. Berkenmeyer, Plaintiffs-Appellees.**

**No. 1–1178A339.**

Court of Appeals of Indiana, First District.

Oct. 23, 1979.

Rehearing Denied Dec. 5, 1979.

(a) obtains *or* exerts unauthorized control over property of the owner . . . ."
[Emphasis added.]

Evan E. Steger, Ice, Miller, Donadio & Ryan, Indianapolis, for defendant-appellant.

Donald R. Forrest, New Albany, for plaintiffs-appellees.

NEAL, Judge.

Defendant-appellant Indiana Insurance Company appeals from a judgment of the Harrison Circuit Court granting summary judgment for the plaintiffs-appellees, Bobby W. Ivers, as administrator of the Estate of Ellen Fay Ivers, and Kenneth R. Berkenmeyer, as administrator of the Estate of Linda L. Berkenmeyer and father of Sue Ann and Michael A. Berkenmeyer, both deceased, and awarding $90,000 with interest and costs.

This appeal raises one issue for our review: whether the trial court erred in holding that Indiana Insurance Company's maximum or limit of liability under its insurance contract for uninsured motorist coverage was $90,000.

We reverse and remand with instructions to reduce the amount of recovery to $30,000.

This is an action for wrongful death by the plaintiffs-appellees upon an insurance contract issued by defendant-appellant Indiana Insurance Company, containing uninsured motorist coverage.

The matters in controversy were submitted to the trial court by way of a Stipulation of Facts and Issues. Pursuant to the stipulations, it was shown that on August 20, 1974, one Ellen Fay Ivers was operating a 1967 Ford automobile in Harrison County, Indiana. Her sister, Linda L. Berkenmeyer, and her sister's two children, Sue Ann Berkenmeyer and Michael K. Berkenmeyer, were passengers. The Ivers' automobile collided with an automobile driven by one Kenneth Clark, an uninsured motorist, whose negligence was the proximate cause of the collision. Ellen Fay Ivers and her three passengers were killed.

There was in effect at the time of the collision a policy of insurance issued by Indiana Insurance Company to Bobby W. Ivers, husband of Ellen Fay Ivers, and the policy provided uninsured motorist coverage under Part IV, Family Protection Coverage, which the parties agree extended to the decedents. The policy was a single policy, but it covered three automobiles, the 1967 Ford, a 1965 Pontiac, and a 1965 Chevrolet, separately listed. Separate premiums were assigned to each automobile, including separate premiums for uninsured motorist coverage. The uninsured motorist limits of liability were stated in the policy as statutory limits which were $15,000 for each person and $30,000 for two or more persons, for injuries sustained arising out of one accident.[1]

The relevant excerpts from the insurance contract between Bobby W. Ivers and Indiana Insurance Company are as follows:
1. From Part IV, Family Protection Coverage, commonly referred to as uninsured motorist coverage:

"Limits of Liability

(a) The limit of liability for family protection coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injuries sustained by one person as a result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injuries sustained by two or more persons as a result of any one accident."
(2) From the Conditions, this clause commonly referred to as a separability clause:
"4. Two or more automobiles—Parts I, II and III. When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto."

The plaintiffs-appellees contend essentially that, insomuch as the automobiles were listed separately in the policy, and separate uninsured motorist premiums were assigned to each, and the carrier collected three premiums, the policy in effect was three separate contracts of insurance, and they should be permitted to recover on each, or three times the stated maximum limits, up to the amount of actual damages, by virtue of the so-called doctrine of "stacking" of coverages. Defendant-appellant contends that the total limits of recovery are $30,000, and that "stacking" does not apply in this situation, because there was one policy for three automobiles which, as related to the uninsured motorist provision, did not have a separability clause. "Stacking" is the sole issue in this case.

■ Authority exists in Indiana which recognizes multiple recovery or "stacking" of coverages in uninsured motorist situations. *Indiana Insurance Company v. Noble*, (1970) 148 Ind.App. 297, 265 N.E.2d 419; *Liddy v. Companion Ins. Co.*, (1979) Ind. App., 390 N.E.2d 1022; *United Farm Bureau Insurance Company v. Wolfe*, (1978) Ind.App., 382 N.E.2d 1018; *United Farm Bureau Insurance Company v. Runnells*, (1978) Ind.App., 382 N.E.2d 1015; *Jeffries v. Stewart*, (1974) 159 Ind.App. 701, 309 N.E.2d 448. These cases say, in effect, that where a person who is within the definition of an insured is injured through the negligence of an uninsured motorist, whether the person is a pedestrian, a passenger in another automobile, or a driver or a passenger in an insured automobile, and there is more than one policy available to him, such as separate policies on separate automobiles, he may be entitled to recover on all of

1. Ind.Code 27–7–5–1 and 9–2–1–15.

the policies available to him up to the amount of his damages, but no more. There may be no double recovery.

The discussion in this case is limited to the situation where there is a single policy of insurance covering two or more motor vehicles.

The doctrine of "stacking" was extended by this court in the case of *Jeffries, supra,* to a situation somewhat similar to the case at bar. In that case Jeffries was injured by an uninsured motorist in an accident that was not related to the operation of the insured automobiles. Jeffries' father had a single policy of automobile insurance insuring three automobiles, which policy afforded uninsured motorist coverage. In the policy the automobiles were listed separately, and a separate premium was assigned to each, including an uninsured motorist premium. The policy had a separability clause, which read as follows:

> "When there are two or more automobiles insured hereunder, the terms of the policy shall apply separately to each."

The policy contained a limits of liability clause similar to the one in this case. The issue was the ambiguity in the policy between the two clauses. This court held, in 309 N.E.2d at 452:

> "Ambiguity arises because of a conflict between the 'two or more automobiles' clause and the 'limits of liability' clause. The 'two or more automobiles' clause, or separability clause, as it is also known, effectuates a contract of insurance separately for each car insured, and binds each policy with all of the provisions and conditions of the single policy. Each of the three policies then contains a promise to pay the insured damages . . . ."

The opinion, in construing the ambiguity against the carrier went ahead to permit the multiple recovery or "stacking" up to the limit of actual damages.

■ Plaintiffs-appellees contend that an ambiguity exists in the present cause because of a conflict among the separability clause, limits of liability clause, as well as the implication raised by the separate assignment of premium, and cite *Jeffries, supra,* in support of their position.

The *Jeffries* case was distinguished in *Miller v. Hartford Accident and Indemnity Company,* 506 F.2d 11 (7th Cir. 1974). There the situation was very similar to *Jeffries* and to the case at bar except that the policy did not contain a separability clause. The United States 7th Circuit Court of Appeals, in construing Indiana law, held that without a separability clause there was no ambiguity and "stacking" was denied. This ruling was followed by the 7th Circuit in *Trinity Universal Insurance Company v. Capps,* 506 F.2d 16 (7th Cir. 1974), which cited *Jeffries* and distinguished it on the basis that in the separability clause uninsured motorist coverage was deleted, and such had not been deleted in *Jeffries.*

This matter was resolved by this court, after the appeal was perfected in the case at bar, on June 12, 1979, in *Liddy, supra,* and that case, we think, is determinative of the issue raised here. There, Liddy had a policy of insurance with Companion covering two automobiles, providing uninsured motorist coverage with the usual statutory limits of insurance for injuries incurred due to the negligence of an uninsured motorist. The policy further contained a limits of liability clause substantially identical with the one under discussion, and further contained a separability clause that exempted uninsured motorist coverage, as does the policy of Bobby W. Ivers. Premiums, including uninsured motorist premiums, were assigned to each automobile separately. This court adopted the rationale in *Miller, supra,* and *Trinity, supra,* and held that since the separability clause was expressly inapplicable to uninsured motorist coverage, *Liddy* was distinguishable from *Jeffries,* and an ambiguity did not exist. "Stacking" was denied.

Consistent with the foregoing authorities, we conclude that no such ambiguity exists in the Ivers' contract of insurance and that multiple coverage or "stacking" should not be permitted here.

■ Plaintiffs-appellees' last and major contention is that, regardless of whether

ambiguity exists in the contract language, "stacking" is required because the declarations page shows that Indiana Insurance Company charged three separate premiums for uninsured motorist coverage in conjunction with Ivers' three vehicles. They argue that the insurer must be required to provide a coverage for each premium charged and that to allow the insurer to collect a premium for which no coverage is afforded would be unconscionable.

This argument is pegged to the following dicta from *Jeffries, supra,* at 453:

> "Consistent with this interpretation of the separability clause, and a factor which bolsters the argument for stacking, is the fact that a separate premium was paid by Jeffries for uninsured motorist protection on each car. . . ."

Plaintiffs-appellees overlook, however, this additional language, also at 453:

> "The insurer alternatively argues that it gave consideration in the form of accepting increased risk for the extra premium charged per car . . . . We do not deem it necessary to explore this contention for the reason that even if it could be shown that the insurer did give sufficient consideration for the extra charge, the conflict between the separability clause and the limits of liability clause remains."

We do deem it necessary to explore this contention at this time. We find that the insurer gave consideration in the form of accepting increased risk for the extra premium charged per automobile; therefore, we do not find that the separate premiums require "stacking".

Plaintiffs-appellees argue that uninsured motorist coverage is for the protection of persons, not vehicles, and, since the insured can only be in one vehicle at a time, there is no underwriting basis for the additional premiums. In other words, the insurer charges separate premiums for each additional vehicle insured without increasing its risk.

Plaintiffs-appellees have misinterpreted the coverage extended by the policy. It is true that coverage is provided to one group of persons whether or not they are passengers in one of the insured vehicles at the time of their injuries or deaths. These persons are the insured, here Bobby W. Ivers, and any relative of the insured, "relative" defined in the policy as "a relative of the named insured who is a resident of the same household." Coverage is also provided for a second group, "any persons[s] while occupying an insured automobile." From the record it appears that Ellen Fay Ivers was a relative of the named insured as here defined, protected wherever she was at the time of injury or death, while the three Berkenmeyers were other persons occupying an insured automobile, protected by the uninsured motorist coverage only because of this occupancy.

Indiana Insurance Company argues that at the very moment of the accident here involved, the other two vehicles insured under the policy at issue "were conceivably, or at least potentially on the highway each fully occupied by other strangers to the contract who were nevertheless insured simply because they also occupied 'insured automobile[s]'." The company contends that the addition of the two vehicles to the policy correspondingly increases the company's potential for loss, and that this underwriting fact justifies additional premium charges for the additional risks assumed by the company.

This court agrees with the defendant-appellant as do many of the jurisdictions which have considered the argument made by plaintiffs-appellees. Indicative of the case law from these jurisdictions is *Holland v. Hawkeye Security Insurance Co.*, (S.Ct. Iowa 1975) 230 N.W.2d 517, a case in which the insured owned nine vehicles for which he paid nine separate premiums for uninsured motorist coverage under a single policy.

The Iowa Supreme Court said, in *Holland, supra,* at 519–20:

> "Appellants' contention raises an issue of first impression in this court. However this same contention has been considered by several jurisdictions. The ar-

gument has been rejected outright in the following cases: *Westchester Fire Insurance Company v. Tucker*, Tex., 512 S.W.2d 679, 684, 685, *Talbot v. State Farm Mutual Automobile Ins. Co.*, Miss., 291 So.2d 699, 702; *Hurles v. Republic Franklin Ins. Co.*, 39 Ohio App.2d 118, 316 N.E.2d 494, 496–498; *Allstate Insurance Co. v. McHugh*, 124 N.J.Super. 105, 304 A.2d 777, 778, 779; *Doerpinghaus v. Allstate Insurance Co.*, 124 Ga.App. 627, 185 S.E.2d 615, 616; *Martin v. Christensen*, 22 Utah 2d 415, 454 P.2d 294, 296; *Castle v. United Pacific Insurance Group*, 252 Or. 44, 448 P.2d 357; *Pacific Indemnity Company v. Thompson*, 56 Wash.2d 715, 355 P.2d 12.

Courts rejecting the argument [that] payment of multiple premiums entitles the insured to multiple coverages generally do so on the basis that the insurer incurs a greater risk when insuring additional motor vehicles and that this additional risk is the consideration given for the additional premium. This view is expressed by the New Jersey court in *Allstate Ins. Co. v. McHugh*, supra, 304 A.2d 777, at 778:

'There is, however, increased risk incurred by the carrier when insuring separate motor vehicles under Coverage S. It is true that the named assured is covered under Coverage S regardless of the circumstances under which he is injured by an uninsured motorist. He has this coverage whether one, two or more vehicles are covered. Coverage S extends not only to the individual assured but also extends coverage to the vehicle under this situation.'

'Coverage S provides "the company will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured vehicle * * *."

'Persons insured are defined as "(b) any person while occupying an insured highway vehicle."

'It is conceivable that Frank McHugh could be operating one vehicle with multiple passengers therein, his wife operating the second vehicle with multiple passengers therein. All the passengers in *both* vehicles are covered under Coverage S. This increased risk provides sufficient consideration and justification for charging a separate premium at the same rate for additional cars on the same policy.

'In *Castle v. United Pacific Ins. Group*, 252 Or. 44, 448 P.2d 357 (Sup.Ct. 1968), the court stated, when faced with the argument that payment of double premiums affords double coverage, that "the premium paid and the coverage extended to each of the two automobiles was simply to provide this form for *each* of the insured vehicles." (Emphasis added.)'

We believe this rationale is applicable to the Hawkeye policy under the limited facts in the record before us."

We believe that the rationale of the Iowa case applies to the case at bar. The portion of the total premiums paid by Bobby W. Ivers to Indiana Insurance Company and allocated to the uninsured motorist coverage for each of Ivers' vehicles was justified by the additional risks assumed by the insurer. *See also Liddy, supra; Miller, supra.* Thus, it is not unconscionable to prohibit the multiplication of the limits of liability for one vehicle by the number of insured vehicles in determining the total liability of the insurer for injury to or death of two or more persons in any one accident.

There being no ambiguity of equitable consideration requiring "stacking", we hold that the clear intent of the language of the insurance contract should be enforced to limit Indiana Insurance Company's liability under the facts before us to $30,000 for one accident.

We remand to the trial court with instructions to reduce the judgment to $30,000.

Upon compliance with this order the judgment is in all things affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.