977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen L. HAWN, as Personal Representative of the Estate of
Raymond L. Hawn, deceased, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign
insurance corporation, Defendant-Appellant.
 No. 91-35852.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Oct. 15, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 State Farm Mutual Automobile Insurance Co. ("State Farm") appeals from the district court's decision granting Karen Hawn's motion for summary judgment on her claim for declaratory relief. The district court declared that State Farm is obligated to pay Hawn underinsured motorist benefits under all three State Farm policies held by Hawn despite the presence of an "other insurance" clause in each of the three policies. We affirm.
 
 
 3
 In 1990, Raymond Hawn was standing at a roadside when he was struck and killed by an underinsured motorist. Pursuant to one of the Hawns' three policies, State Farm paid Hawn's estate $50,000. The insurer relies on a provision in this first policy to argue that Hawn is not entitled to receive additional underinsured motorist benefits in the amount of $80,000 under the Hawns' other two State Farm policies. Each of these policies have similar "other insurance" provisions.
 
 
 4
 The provision in the first policy upon which State Farm relies concerns bodily injury caused by an underinsured motorist. The provision states:
 
 If There Is Other Coverage
 
 5
 The limit of liability under this policy is the maximum limits of liability for all damages resulting from any one accident regardless of the number of covered persons, claims made, or vehicles or premiums shown on the declarations page, or premiums paid, or vehicles involved in an accident.
 
 Subject to the above:
 
 6
 1. If the insured sustains bodily injury as a pedestrian and other underinsured motor vehicle coverage applies:
 
 
 7
 a. the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability; and
 
 
 8
 b. we are liable only for our share. Our share is that per cent of the damages that the limit of liability of this coverage bears to the total of all underinsured motor vehicle coverage applicable to the accident.
 
 
 9
 (Emphasis added.)
 
 
 10
 The district court found this provision ambiguous as to whether "other underinsured motor vehicle coverage" refers either to coverage other than that provided by State Farm or to coverage provided by any insurer including State Farm. Construing the passage in favor of the insured, the trial judge concluded that, because the "other insurance" provision did not apply to other State Farm policies, Hawn was entitled to recover underinsured motorist benefits under all three policies.
 
 
 11
 In support of its conclusion, the district court relied primarily on the statement in the proration clause that "we are liable only for our share." As the trial judge concluded, the average insurance purchaser would understand this to mean "State Farm's share as apportioned between State Farm and another insurance company."
 
 
 12
 State Farm argues that the proration clause is irrelevant in deciding whether the term "other underinsured motor vehicle coverage" is ambiguous. Specifically, the insurer contends that the proration clause represents a separate provision apart from the reference to "other underinsured motor vehicle coverage." This argument is meritless. The intended interrelationship between these parts of the policy is most evident in the fact that they appear together in one sentence.
 
 
 13
 The district court also looked to another part of the policy in which the insurer distinguished between coverage issued by State Farm and coverage "From Other Sources." State Farm argues that this provision and another like it show that, when the policy intended to distinguish between sources of coverage, it did so explicitly. The district court reasoned, however, that use of the word "other" in some provisions to distinguish between sources of coverage would suggest to the average person that the term "other underinsured motor vehicle coverage" refers to coverage other than coverage provided by State Farm.
 
 
 14
 This is a closer question but looking to the policy as a whole we cannot say that the district court erred in finding the term "other underinsured motor vehicle coverage" to be ambiguous. In coming to this conclusion, we note that in the portion of the policy concerning property damage (as opposed to bodily injury) caused by an underinsured motorist, the applicable "other insurance" clause refers to "any underinsured motor vehicle coverage" (emphasis added). This provision, which contrasts with the provision applicable here, bolsters the trial judge's interpretation of the policy.
 
 
 15
 State Farm cites several cases showing the intended effect of the "other insurance" clause. However, so long as "any clause is ambiguous the court must apply a construction that is most favorable to the insured, even though the insurer may have intended another meaning." Vadheim v. Continental Ins. Co., 734 P.2d 17, 20 (Wash.1987).
 
 
 16
 The cases cited by State Farm do not dissuade us that the "other insurance" provision in this case is ambiguous. In McCarthy v. Preferred Risk Mut. Ins. Co., 454 F.2d 393, 394 n. 3 (9th Cir.1972), High v. United Farm Bureau Mut. Ins. Co., 533 N.E.2d 1275, 1276-77 (Ind.Ct.App.1989), Wagner v. State Farm Mut. Auto. Ins. Co., 709 P.2d 462, 463 (Cal.1985), and State Farm Mut. Auto. Ins. Co. v. Williams, 600 P.2d 759, 761 (Ariz.Ct.App.1979), the proration portion of the "other insurance" clauses did not include the "our share" language presented here.
 
 
 17
 In Dues v. Hodge, 521 N.E.2d 789 (Ohio 1988), the court was not called upon to address any argument that the "other insurance" clause was ambiguous. Id. at 792. In particular, the Dues court was not asked to decide whether the phrase "another policy providing similar coverage" referred to other policies issued by the same insurer.
 
 
 18
 Most importantly, none of these cases deal with the interrelationship of policy provisions underlying the district court's decision in this case. For example, while the language of the relevant "other insurance" clause in High fairly approximates the language here, the High opinion omits any reference to other provisions. Yet it is exactly the context in which we find the instant "other insurance" clause that controls this case.
 
 
 19
 Because the trial judge correctly concluded that the State Farm "other insurance" clause was ambiguous, the judgment of the district court is
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3