**Brenda S. WAGNER and Darren M. Wagner, Appellants–Plaintiffs,**

v.

**Bobbi J. YATES, et al., Appellees–Defendants.**

No. 22A01–0710–CV–474.

Court of Appeals of Indiana.

April 14, 2008.

Gregory M. Reger, Lorch & Naville, LLC, New Albany, IN, Attorney for Appellants.

Sandra L. Heeke, George A. Budd, V., Ward, Tyler & Scott, LLC, New Albany, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Brenda and Darren Wagner ("the Wagners") appeal from the Floyd Superior Court's grant of a motion for summary judgment in favor of American Standard Insurance Company of Wisconsin ("American Family"). The Wagners argue whether the terms of American Family's underinsured motorist policy reduce American Family's risk exposure under the policy to zero.

We affirm.

### Facts and Procedural History

On August 26, 2004, Brenda Wagner ("Wagner") and Bobbi Yates ("Yates") were involved in an automobile accident. Wagner filed a negligence action against Yates, and Wagner's husband filed a claim for loss of consortium.

Yates maintained an auto liability insurance policy with Allstate Ins. Co. for an amount of $50,000 per person. Wagner drove an employer-owned vehicle that her employer insured through State Farm Ins. Co. The State Farm policy provided $100,000 per person of underinsured motorist ("UIM") coverage to Wagner as driver of her employer's vehicle. Wagner also maintained a personal policy with American Family, which provided $100,000 per person in UIM coverage to the Wagners. Since Wagner was not injured while driving her own vehicle, American Family's policy dictates that it is the excess UIM carrier, over other UIM coverage. American Family admits to being the excess carrier.

Allstate agreed to settle with the Wagners for the policy limit of $50,000. The parties agreed that Allstate was responsible for the first $50,000 pursuant to its policy. The parties also agreed that State Farm would be liable for the next $50,000, if applicable. The State Farm policy provides a cap of $100,000 with set-offs for payments made by Allstate or any other insurance.

The Wagners amended their complaint to add State Farm and American Family as defendants and sought UIM coverage. American Family filed a motion for summary judgment alleging that the anti-

stacking and setoff provisions of the policy operate to reduce their potential risk exposure to zero. The Wagners filed a cross motion for summary judgment.

After a hearing, the trial court granted American Family's motion and found that the anti-stacking and setoff provisions reduce its risk of exposure to zero. The trial court denied the Wagners' cross-motion for summary judgment. The Wagners now appeal.

### Standard of Review

 The sole issue is whether the trial court erred by granting American Family's motion for summary judgment. Our standard of review for a trial court's grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C) (2008); *Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold*, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974. The party appealing the grant of summary judgment bears the burden of persuading this court

that the trial court's ruling was improper. *AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 47–48 (Ind. Ct.App.2004). "We will affirm the denial of summary judgment if it is sustainable on any legal theory or basis found in the evidentiary matter designated to the trial court." *Ford v. Culp Custom Homes, Inc.*, 731 N.E.2d 468, 472 (Ind.Ct.App.2000), *trans. denied.*

### Discussion and Decision

 The Wagners argue that American Family should not be allowed to set-off the payments made by State Farm under State Farm's UIM coverage.[1] American Family argued that they should be allowed to set off any payments made by State Farm. American Family's policy states:

The limits of liability of this coverage will be reduced by:

1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an **underinsured motor vehicle.**

2. A payment under the Liability coverage of this policy.

3. A payment made or amount payable because of **bodily injury** under any

1. American Family argues that Wagner waived her anti-stacking and Indiana Code section 27–7–5–5(c) arguments when she failed to raise substantive arguments in her reply and cross-motion for summary judgment as well as at the summary judgment hearing. Generally a party waives an issue if it does not present that issue at the trial court level. *Dedelow v. Pucalik*, 801 N.E.2d 178, 184 (Ind.Ct.App.2003). "[S]ubstantive questions independent in character and not within the issues or not presented to the trial court shall not be first made upon appeal." *Id.* at

183–84. However, we prefer to decide a case upon its merits when possible. *Id.* The trial court expressly based its summary judgment ruling on the anti-stacking and setoff provisions. Also, the trial court relied on *Kinslow v. GEICO Ins. Co.*, 858 N.E.2d 109 (Ind.Ct. App.2006), which involved an analysis of Indiana Code section 27–7–5–5. Accordingly, Wagner is not prevented from addressing those issues despite giving them short shrift at the trial court level. We do not deem these arguments waived.

workers' compensation or disability benefits law or any similar law.

Appellants App. at 65.

While the parties have stipulated that American Family may set off the payment made by Allstate, the Wagners do not agree that payments made by State Farm fall under this section. Tr. p. 22.

The parties focus on whether State Farm is paying through a "collectible auto liability insurance policy." The Wagners believe that State Farm's UIM coverage is not auto liability insurance. We cannot agree because the State Farm policy is not Wagner's policy but is paid for by her employer.

■ The State Farm policy does not apply to Wagner's own property or person but applies to the property of her employer. UIM/UM coverage applies when a tortfeasor's insurance company has paid the limits of its coverage. At that point, the party's insurance company steps into the shoes of the tortfeasor's insurance company to help make the victim whole. This puts a gloss of liability on payments made by the victim's insurer. "Underinsured motorist coverage is designed to provide individuals indemnification in the event negligent motorists are not adequately insured for damages that result from motor vehicle accidents[.]" *United Nat'l Ins. Co. v. DePrizio*, 705 N.E.2d 455, 459 (Ind.1999). UIM coverage seeks to close gaps left in insurance coverage. *Id.* UIM coverage does not come into effect unless the other motorist was liable and had insufficient coverage. Liability is implicit in any determination of UIM coverage.

Since we have determined that UIM/UM coverage is based upon and limited to the liability of the tortfeasor, we must conclude that a payment by an insurance company under its UIM/UM coverage is a payment under "collectible auto liability insurance." Therefore, American Family can set off any payment made by State Farm under its UIM coverage to the Wagners. Since American Family can potentially set off a total of $100,000, there remains no further risk exposure since any set offs would reach American Family's policy limits.

The determination of American Family's risk exposure is not a question of fact and is therefore appropriate for resolution by summary judgment. Therefore, we conclude that the trial court appropriately granted American Family's motion for summary judgment because there were no genuine issues of material fact remaining.

### Conclusion

Because we conclude that American Family may set-off payments made by State Farm, we do not need to address the issue of whether an anti-stacking clause exists in the policy. If State Farm pays the limits of its policy, then American Family could set off an additional $50,000. If American Family set off both the $50,000 paid by Allstate and the $50,000 hypothetically paid by State Farm, then American Family would have reached its policy limits and have no further exposure under its policy.

Affirmed.

FRIEDLANDER, J., and ROBB, J., concur.