ATTORNEYS FOR APPELLANTS
Stephen T. Naville
Gregory M. Reger
Lorch & Naville, LLC
New Albany, Indiana

ATTORNEYS FOR APPELLEE
Sandra L. Heeke
George A. Budd, V
Waters, Tyler, Scott, Hoffman &
    Doane, LLC
New Albany, Indiana

FILED
Sep 03 2009, 11:45 am

CLERK
of the supreme court,
court of appeals and
tax court



# In the
# Indiana Supreme Court

No. 22S01-0808-CV-475

BRENDA S. WAGNER AND
DARREN M. WAGNER,

*Appellants (Plaintiffs below),*

v.

BOBBI J. YATES, ET AL.,

*Appellee (Defendant below).*

Appeal from the Floyd Superior Court, No. 22D01-0512-CT-525
The Honorable Susan L. Orth, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 22A01-0710-CV-474

**September 3, 2009**

**Rucker, Justice.**

Interpreting an insurance policy as including set-off and anti-stacking provisions, the trial court granted summary judgment in favor of Insurer. Concluding both provisions are ambiguous, we strictly construe the policy against the Insurer and reverse the judgment of the trial court.

**Facts and Procedural History**

This is an appeal from the grant of summary judgment. The following facts are not in dispute. Brenda Wagner sued Bobbi Yates for injuries she received in an automobile collision while driving a vehicle owned by her employer. Wagner's husband joined the action on a loss of consortium claim. At the time of the collision Wagner maintained an auto insurance policy with American Family Insurance; Yates maintained an auto liability policy with Allstate Insurance Company; and the company car Wagner drove was insured by her employer through a policy with State Farm.

Wagner initially sued only Yates. However, seeking underinsured motorist (UIM) coverage Wagner later amended her complaint to include American Family and State Farm. Both the American Family policy and the State Farm policy provided $100,000 per person in UIM coverage.

Allstate settled with Wagner for policy limits in the amount of $50,000. And Yates was dismissed from this action. The parties agree that under the terms of Allstate's liability policy Allstate was responsible for the first $50,000. The parties also agree that if applicable State Farm will be liable for the next $50,000. American Family is of the view that because of anti-stacking and set-off provisions in the Wagner insurance policy, it has no liability. In essence American Family contends that Wagner is entitled to a total recovery of $100,000. And because (i) Allstate has already settled for $50,000, and (ii) State Farm would be responsible for the next $50,000, if any, American Family's exposure is zero. On this basis American Family moved for summary judgment.

2

Wagner contested this claim and filed a cross-motion for summary judgment. The trial court agreed with American Family and granted summary judgment in its favor. On appeal Wagner conceded that an insurer may limit its exposure by including an "anti-stacking" provision in its insurance policy; but Wagner argued that a plain reading of American Family's policy shows that no such provision is included. Wagner also contended that based on the language of the policy, American Family was not entitled to set off any amounts that may be paid by State Farm. Concluding that American Family may set off payments made by State Farm, the Court of Appeals affirmed the judgment of the trial court. It did not address the anti-stacking claim. Wagner v. Yates, 884 N.E.2d 331 (Ind. Ct. App. 2008). Having previously granted transfer we now reverse the trial court's judgment.

**Standard of Review**

When reviewing the grant of a summary judgment motion, we apply the same standard applicable to the trial court. Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We do not weigh the evidence, but will consider the facts in the light most favorable to the non-moving party. Freidline v. Shelby Ins. Co., 774 N.E.2d 37, 39 (Ind. 2002). We must reverse the grant of a summary judgment motion if the record discloses an incorrect application of the law to those facts. Ayres v. Indian Heights Volunteer Fire Dep't, Inc., 493 N.E.2d 1229, 1234 (Ind. 1986). The interpretation of an insurance policy is primarily a question of law for the court, and it is therefore a question which is particularly suited for summary judgment. Morris v. Econ. Fire & Cas. Co., 848 N.E.2d 663, 665-66 (Ind. 2006).

**Discussion**

**I.**

In the case before us no dispute of material facts exists. Rather, this matter involves the question of whether American Family is entitled to summary judgment as a matter of law based upon a clause in its insurance policy which, according to American Family, allows it to set off payments made by State Farm. The clause at issue provides:

The limits of liability of this coverage will be reduced by:

1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an underinsured motor vehicle.

Appellant's App. at 65. American Family cites authority for the general proposition that "language requiring setoffs has been and should be enforced." Appellee's Br. at 10. See, e.g., Hardiman v. Governmental Interinsurance Exch., 588 N.E.2d 1331, 1334 (Ind. Ct. App. 1992) (enforcing a set-off provision in an action against automobile insurer to recover underinsured motorist benefits despite receipt of worker's compensation where relevant provision of insurance policy declared, "Any amount payable under this policy shall be reduced by: (a) All sums payable under any worker's compensation, disability, or similar law . . . ."); Castillo v. Prudential Prop. & Cas. Ins. Co., 834 N.E.2d 204, 207 (Ind. Ct. App. 2005) (enforcing a set-off clause against an insured who received a settlement amount from the tortfeasor's liability insurer, which provided that "[p]ayments will be reduced by any amount payable by persons responsible for the accident . . . [and] will also be reduced by any amount payable under this policy or by other sources"). We have no quarrel with this general proposition. The problem in this case however is whether the language of the policy accomplishes the desired result.

There is no dispute here that the amounts Allstate paid to Wagner were on behalf of a person – purported tortfeasor Yates – who "may be legally liable" for "loss caused by an underinsured motor vehicle." Thus American Family's liability is reduced by the $50,000 Allstate paid to Wagner. At stake however is whether any sums that may be payable to Wagner by State Farm are similarly treated. American Family argues that a UIM provider "effectively stand[s] in the shoes of a tortfeasor during evaluation of coverage." Appellee's Br. in Resp. to Pet. to Trans. at 6. But the Court of Appeals rejected a similar argument in Progressive Ins. Co., Inc. v. Bullock, 841 N.E.2d 238 (Ind. Ct. App. 2008), trans. denied. The summarized facts in Progressive are these. Misty Bullock and her children were passengers in a car driven by Teresa Jones. They were injured when struck by a car that Rosie Kemp was driving. The following insurance was in play: Kemp was insured by Indiana Insurance Company in the amount of

4

$25,000 per person and $50,000 per accident; Jones had UIM coverage with Farm Bureau Insurance Company in the amount of $50,000 per person and $100,000 per accident; and Bullock had UIM coverage with Progressive Insurance Company in the amount of $50,000 per person and $50,000 per accident.

Under terms of an agreement with Kemp, Indiana Insurance, Jones, and Farm Bureau, Bullock released the children's claims against those parties in exchange for $24,500 from Indiana Insurance and $80,500 from Farm Bureau. This left only the issue of Progressive's liability to Bullock. Progressive argued that after set-offs of payments made by Farm Bureau and Indiana Insurance Progressive owed no obligation under its policy. In relevant part the policy declared:

> The Limits of Liability under [the UIM provision] shall be reduced by all sums . . . paid because of bodily injury or property damage by or on behalf of any person or organizations who may be *legally responsible* . . . .

Id. at 241 (emphasis and alterations in original). The Court of Appeals agreed that Progressive was entitled to a set-off for the $14,500 paid by Indiana Insurance. However, the court rejected Progressive's argument that "Farm Bureau effectively stands in the shoes of the tortfeasor" and thus Progressive was entitled to set off the payment made by Farm Bureau. Id. at 242. The court elaborated:

> To the extent . . . Progressive is arguing that Farm Bureau is legally responsible for Kemp's negligence simply because Farm Bureau provided UIM coverage to Jones, this argument . . . fails. The underlying purpose of UIM coverage is to give the insured the recovery he or she would have received if the underinsured motorist had maintained an adequate policy. Progressive provides us with no authority that UIM coverage is intended to make a UIM insurance provider directly liable for the negligent acts of the tortfeasor.

Id. (internal citations and quotations omitted). We agree with the Court of Appeals' assessment. And as applied in this case we construe the phrase in American Family's policy, "payment made or amount payable by or on behalf of any person or organization which may be legally liable" as

referring to payments by or on behalf of those directly liable for causing the injuries. This phrase does not require reduction from amounts payable for sums from State Farm's UIM coverage. Accord Am. Econ. Ins. Co. v. Motorists Mut. Ins. Co., 605 N.E.2d 162, 165 n.5 (Ind. 1992) (construing similar provision and declaring the "reduction would not include underinsured motorists coverage payments made by [a third party's insurance carrier]").

American Family counters that aside from the "legally liable" phrase, it is nonetheless entitled to set off the amounts paid by State Farm under the second phrase: "under any collectible auto liability insurance." American Family argues, and the Court of Appeals agreed, that "a payment by an insurance company under its UIM/UM coverage is a payment under 'collectible auto liability insurance.'" Wagner, 884 N.E.2d at 334. Wagner insists however that in order for American Family to set off payments under State Farm's UIM coverage, UIM coverage must constitute auto liability coverage.

We first observe that the policy itself does not define "auto liability insurance." But typically UIM coverage is characterized as first-party loss insurance, not third-party liability insurance. See, e.g., Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 122:5 (2005) ("UM [and UIM] coverage is not another liability coverage available to the innocent victim, but, rather, provides first-party benefits as opposed to a liability policy which pays third-party benefits."). On the other hand, as the Court of Appeals noted in Gen. Housewares Corp. v. Nat'l Sur. Corp., 741 N.E.2d 408, 415 n.7 (Ind. Ct. App. 2000) "First-party insurance is 'insurance which applies to the insured's *own property or person*.' In contrast, liability insurance 'indemnifies against liability on account of injuries to the person or property of another.'" Id. at 419 n.7 (quoting Black's Law Dictionary 722 (5th ed. 1979)) (emphasis added). And as the court pointed out in the case before us the State Farm policy was not Wagner's policy; but rather it was "paid for by her employer" . . . and "applies to the property of her employer." Wagner, 884 N.E.2d at 334.

We acknowledge that failure to define a term in an insurance policy does not necessarily make it ambiguous. Colonial Penn Ins. Co. v. Guzorek, 690 N.E.2d 664, 667 (Ind. 1997). Additionally, an ambiguity is not affirmatively established simply because controversy exists and

one party asserts an interpretation contrary to that asserted by the opposing party. Beam v. Wausau Ins. Co., 765 N.E.2d 524, 528 (Ind. 2002). But, an insurance policy is ambiguous if a provision is susceptible to more than one reasonable interpretation. Colonial Penn, 690 N.E.2d at 667.

In this case we conclude that the American Family policy is ambiguous on the question of whether "collectible auto liability insurance" includes a payment by an insurance company under its UIM coverage. As noted above there is authority for the proposition that while UIM coverage is not considered "liability insurance" under some circumstances, it may be considered as such under other circumstances.

Although some "special rules of construction of insurance contracts have been developed due to the disparity in bargaining power between insurers and insureds, if a contract is clear and unambiguous, the language therein must be given its plain meaning." Beam 765 N.E.2d at 528 (quoting Allstate Ins. Co. v. Boles, 481 N.E.2d 1096, 1101 (Ind. 1985)). On the other hand, "'[w]here there is ambiguity, insurance policies are to be construed strictly against the insurer' and the policy language is viewed from the standpoint of the insured." Id. (quoting Bosecker v. Westfield Ins. Co., 724 N.E.2d 241, 244 (Ind. 2000)). "This strict construal against the insurer is driven by the fact that the insurer drafts the policy and foists its terms upon the customer. 'The insurance companies write the policies; we buy their forms or we do not buy insurance.'" Am. States Ins. Co. v. Kiger, 662 N.E.2d 945, 947 (Ind. 1996).

Applying our strict construction review to the set-off provision in American Family's Insurance's policy, we conclude the trial court erred in granting summary judgment in favor of American Family. On this issue the judgment of the trial court is reversed.

## II.

As indicated earlier in this opinion American Family's motion for summary judgment was premised on the contention that anti-stacking and set-off provisions in Wagner's insurance policy resulted in American Family having no exposure. Citing both grounds the trial court

agreed and granted summary judgment in American Family's favor. Wagner addressed both grounds on appeal; but in affirming the judgment of the trial court, the Court of Appeals addressed only the set-off argument and did not reach the anti-stacking claim. American Family argued before the Court of Appeals, and again in opposition to transfer, that Wagner is foreclosed from making any "substantive argument on appeal concerning the interpretation of the anti-stacking provision of American Family's insurance policy at issue in the current matter." Br. in Resp. to Pet. to Trans. at 9. According to American Family this issue is waived because Wagner did not address the anti-stacking provision in argument before the trial court. Id.

American Family's argument is not well-taken. First, in her brief before the trial court in response to American Family's motion for summary judgment Wagner argued (i) the anti-stacking clause was not relevant in this case, and (ii) if relevant, the clause was ambiguous. Appellant's App. at 77-78. Although Wagner's argument was not extensive, it was nonetheless sufficient to avoid a claim of waiver on appeal.[1] Second, and more important, the trial court granted the American Family motion for summary judgment based on both its anti-stacking claim and its set-off claim. Because we are reversing the trial court's judgment on the set-off claim, we examine any other ground on which the trial court may be affirmed. And this is so because we are not limited to reviewing the trial court's reasons for granting or denying summary judgment but rather we may affirm a grant of summary judgment upon any theory supported by the evidence. Keaton & Keaton v. Keaton, 842 N.E.2d 816, 821 (Ind. 2006). American Family's anti-stacking theory – the only other theory supported by the Rule 56 materials – is thus available for review regardless of whether Wagner addressed this claim in argument before the trial court.

---

[1] We agree with the following observation:

> The rule that parties will be held to trial court theories by the appellate tribunal does not mean that no new position may be taken, or that new arguments may not be adduced; all it means is that substantive questions independent in character and not within the issues or not presented to the trial court shall not be first made on appeal. Questions within the issues and before the trial court are before the appellate court, and new arguments and authorities may with strict propriety be brought forward.

Dedelow v. Pucalik, 801 N.E.2d 178, 183-84 (Ind. Ct. App. 2003) (internal quotation omitted).

"Stacking" of insurance policies occurs when more than one policy is applicable to a loss thus allowing the insured to recover under all policies applicable to the loss (i.e., stack the policies) up to the total damages. See generally High v. United Farm Bureau Mut. Ins. Co., 533 N.E.2d 1275, 1277 (Ind. Ct. App. 1989). However, because the purpose of insurance is to indemnify, double recovery by an insured is prohibited even when multiple policies apply to a loss. Id. Thus, anti-stacking clauses "limit coverage when coverage under another policy is currently available so as to preclude stacking or double recovery of uninsured motorist coverages." Bullock, 841 N.E.2d at 240 (quoting Pafco Gen. Ins. Co. v. Providence Washington Ins. Co., 587 N.E.2d 728, 729 n.2 (Ind. Ct. App. 1992)). The use of anti-stacking provisions for uninsured and underinsured motorist coverage has been codified in Indiana Code Section 27-7-5-5(a) which provides in pertinent part:

> The policy or endorsement affording coverage specified in this chapter may provide that the total limit of all insurers' liability arising out of any one (1) accident shall not exceed the highest limits under any one (1) policy applicable to the loss . . . .

In this case American Family contends that it has no exposure because its insurance policy with Wagner contains an anti-stacking provision. The provision reads:

> The limits of liability of this coverage as shown in the declarations apply, subject to the following:
>
> 1. The limit of each person is the maximum for all damages sustained by all persons as a result of bodily injury to one person in any one accident.
>
> 2. Subject to the limit for each person, the limit for each accident is the maximum for bodily injury sustained by two or more persons in any one accident.
>
> We will pay no more than these maximums no matter how many vehicles are described in the declarations, insured persons, claims, claimants or policies or vehicles involved in the accident.

Appellant's App. at 65. It is of course true that an insurance company is not required to draft an anti-stacking clause that tracks the language of I.C. § 27-7-5-5. High, 533 N.E.2d at 1279. But to avoid a claim of ambiguity and thus unenforceability, an insurance company would be well

advised to apprise itself of anti-stacking clauses that Indiana's appellate courts have found effective in the past. For example, in High, *supra,* the Court of Appeals examined the anti-stacking provision contained in a United Farm Bureau Insurance policy which provided in pertinent part:

> Except as provided in the foregoing paragraphs, *if the Insured has other uninsured motorists insurance available to him and applicable to the occurrence*, the damages shall be deemed not to exceed the highest limits under any one policy of insurance available to the Insured. The Company shall not be liable for the greater proportion of any such loss to which the coverage applies than the limit of liability hereunder bears to the highest limits available to the Insured under one such policy.

High, 533 N.E.2d at 1276-77 (emphasis added). The insured argued that the foregoing language was ambiguous and did not preclude stacking of coverages. Id. at 1277. However, the Court of Appeals agreed with the insurer that the provision clearly and unambiguously precluded stacking.

Similarly, in Am. Econ. Ins. Co. v. Motorists Mut. Ins. Co., 593 N.E.2d 1242, 1244 (Ind. Ct. App. 1992), the Court of Appeals examined the following policy provision:

> *If this policy and any other policy providing similar insurance apply to the same accident*, the maximum limit of liability under all policies shall be the highest applicable limit of liability under any one policy.

(emphasis added). The other policy at issue in the case provided in relevant part:

> *If there is other applicable similar insurance available under more than one policy or provision of coverage*: 1. Any recovery for damages for bodily injury or property damage sustained by an insured may equal but not exceed the higher of the applicable limit for any one vehicle under this insurance or any other insurance.

Id. (emphasis added). Although this Court reversed on other grounds, we summarily affirmed that portion of the opinion analyzing the anti-stacking provisions that found they were clear and unambiguous. See Am. Econ. Ins. Co., 605 N.E.2d at 165.

10

The common thread binding these anti-stacking provisions together is that each clearly refers to insurance other than that provided by the insured's own policy: "other applicable similar insurance," or "any other policy providing similar insurance," or "other uninsured motorist coverage available." In this way the policy holder is on notice that anti-stacking will occur when other UIM policies are involved. By contrast, American Family's purported anti-stacking provision makes no reference to other insurance policies or UIM coverage to indicate the insured's maximum recovery will be limited by other policies. Nor does the provision mention anything about other insurance companies' policy limits or aggregate recovery with respect to losses. In sum, American Family's purported anti-stacking provision does not appear to condition the maximum amount of recovery available to an injured party on an external policy. Instead, the American Family policy appears to refer only to itself. That is to say that American Family will only pay up to its own policy limits for any one accident.

We are of the view that at most the provision at issue is not an anti-stacking provision at all; and at least the provision is ambiguous and therefore unenforceable. Because of this ambiguity we strictly construe the provision against American Family and in favor of Wagner. See Beam, 765 N.E.2d at 528. On this issue the trial court also erred in granting summary judgment in American Family's favor.

## Conclusion

We reverse the judgment of the trial court.[2]

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.

---

[2] Although Wagner filed a cross-motion for summary judgment which the trial court denied, Wagner makes no claim on appeal of trial court error in this regard. We therefore do not address this issue.