## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2017, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Brittany Coley
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Darren A. Craig
Frost Brown Todd LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brittany Coley, <br> *Appellant-Defendant,* <br><br> v. <br><br> Dayspring Center, <br> *Appellee-Plaintiff.* | May 25, 2017 <br><br> Court of Appeals Case No. 49A04-1608-CC-1780 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable James B. Osborn, Judge <br><br> Trial Court Cause No. 49D14-1504-CC-10550 |

**Pyle, Judge.**

## Statement of the Case

[1]     Appellant/Defendant, Brittany Coley ("Coley"), appeals the trial court's grant of summary judgment in favor of Appellee/Plaintiff, Dayspring Center

("Dayspring"), on Dayspring's breach of lease claim. She argues that there were genuine issues of material fact regarding whether Dayspring had entered into an oral agreement with her that provided that she could live in her Dayspring-owned apartment rent-free for several months after her lease ended. Dayspring cross-appeals, arguing that the affidavit Coley designated in her response to its summary judgment motion was inadmissible. We agree with Dayspring that Coley's affidavit was inadmissible. Because Dayspring presented prima facie evidence of a breach of lease in its summary judgment motion and, absent the evidence presented in her affidavit, Coley did not establish the existence of a genuine issue of material fact, we affirm the trial court's grant of summary judgment.

We affirm.

## Issues

APPEAL

> Whether the trial court erred when it granted summary judgment on Dayspring's breach of lease claim in favor of Dayspring.

CROSS-APPEAL

> Whether Coley's designated affidavit was admissible in a summary judgment proceeding.

## Facts

Dayspring is a nonprofit organization that provides transitional housing to homeless families. On August 15, 2012, Coley executed a Program Agreement ("First Agreement") with Dayspring to receive transitional housing from

August 13, 2012 to August 13, 2013, through Dayspring's Wellspring Transitional Housing Program. Under the terms of the First Agreement, Coley was required to pay rent of $280 per month and to abide by program "requirements, agreements, policies, rules, and regulations," including a requirement that she maintain at least part-time employment and attend continuing education classes. (Coley's App. 15). Audrey Nannenga ("CM Nannenga"), a Case Manager with Dayspring, managed and signed Coley's First Agreement and tracked her participation in the Wellspring Transitional Housing Program.

[4] Coley moved into Unit 3 ("Unit 3") of Dayspring's property during August of 2012, as provided in the First Agreement. She did not notify CM Nannenga of any concerns regarding the condition of the unit at that time. Instead, she lived in Unit 3 for a year and executed another one-year Program Agreement on July 10, 2013 ("Second Agreement"), effective from August 13, 2013 to August 13, 2014. In this Second Agreement, she agreed to pay rent of $106.00 per month for Unit 3 and to abide by the same non-monetary program requirements to which she had agreed in the First Agreement. Again, Coley did not inform CM Nannenga of any concerns regarding Unit 3.

[5] When Coley's Second Agreement term ended on August 13, 2014, she requested an extension of time to live in Unit 3. CM Nannenga agreed on behalf of Dayspring to extend the Second Agreement through September 1, 2014. However, after September 1, 2014, Coley refused to vacate the apartment and failed to pay rent.

[6]     On November 19, 2014, CM Nannenga sent a letter to Coley requesting that she vacate the property within thirty days. When Coley did not thereafter vacate Unit 3, Dayspring filed a breach of lease complaint on April 27, 2015, seeking to eject Coley from the apartment and to recover damages for her occupation of the property past the term of the Second Agreement.

[7]     In response, Coley filed a counter-claim asserting that CM Nannenga had orally agreed that she could reside in Unit 3 until the end of her children's school term in May 2015 without paying rent. She contended that Dayspring was attempting to evict her, in spite of this oral agreement, in retaliation for calls she had made to the Marion County Public Health Department ("Health Department") regarding the condition of her apartment. In total, she raised three counter-claims: (1) Dayspring had breached the First Agreement by providing her with an apartment that violated housing and environmental standards; (2) Dayspring had breached the Second Agreement when it had continued to provide her with an apartment that violated housing and environmental standards; and (3) Dayspring had, by evicting her, breached CM Nannenga's alleged oral agreement allowing her to remain in the apartment until May 2015 without paying rent. She sought damages related to these allegedly unlawful breaches.

[8]     On March 31, 2016, Dayspring filed a motion for summary judgment on its claim and Coley's counter-claims. Attached to its motion, the Center designated an affidavit by CM Nannenga as evidence. In the affidavit, CM Nannenga averred that when Coley had moved into Unit 3 in 2012, the unit

had been in good condition and that Coley had not notified her that she thought the property was in poor condition. She also averred that:

> On August 1, 2014, Ms. Coley reported an issue with pests in the unit. Extermination was scheduled specifically for Ms. Coley's apartment for the week of August 4, 2014. In addition, on August 8, 2014, the entire building, including Unit 3, was treated. Pest control for the entire building is routinely conducted on the second Friday of each month by a licensed Pest Control Exterminator.

(Dayspring's App. 46). According to CM Nannenga, she had conducted unit inspections "at least monthly." (Dayspring's App. 46).

[9]     Subsequently, Coley filed a response to Dayspring's motion for summary judgment, arguing that there were still genuine issues of material fact. She designated an affidavit detailing her experiences with the apartment. In the affidavit, she claimed that "[t]hroughout August and September" of 2014, prior to her September 1, 2014 deadline, she had "provided [CM Nannenga] with daily updates" regarding her efforts to find employment and housing and had requested to stay in Unit 3 until she could find employment and save enough money to move. According to Coley, CM Nannenga had agreed to this request. Coley also averred that she had had an issue with cockroaches in her apartment and that CM Nannenga had ignored that issue and several other maintenance requests. As a result, she averred that she had complained to the Health Department and the Department for Housing and Urban Development.

[10]    In response, Dayspring argued that Coley's designated affidavit was inadmissible because it was not made under penalty of perjury, did not provide

that Coley had personal knowledge of the allegations in the affidavit, and did not show that she was competent to testify on the matters stated therein. Dayspring also noted that the affidavit was not sworn and did not contain an affirmation that its contents were true.

[11] On June 13, 2016, the trial court held a hearing on Dayspring's motion. At the hearing, Coley testified to additional facts regarding the condition of Unit 3 while she had lived there, as well as about her alleged oral agreement with CM Nannenga that she could live in the apartment past the expiration of the Second Agreement. Dayspring also reiterated its objection to Coley's designated affidavit. The trial court did not rule on Dayspring's objection and instead took the matter under advisement. Subsequently, the trial court entered a general grant of summary judgment in favor of Dayspring on its claim and Coley's counterclaims. The order did not address Dayspring's objection to Coley's designated Affidavit. Coley now appeals and Dayspring cross-appeals.

# Decision

[12] On appeal, Coley argues that the trial court erred when it granted summary judgment in favor of Dayspring on its breach of lease claim. She contends that there were still genuine issues of material fact regarding whether she had an oral agreement with Dayspring to live in Unit 3 without paying rent after the Second Agreement lease ended.[1] In response, Dayspring argues that it presented

---

[1] Although Coley reiterates that Unit 3 was not in compliance with the Indiana Housing Code when it was leased to her, she does not challenge the trial court's ruling on her breach of contract counterclaims regarding

undisputed evidence that there was not an oral agreement. Dayspring also cross-appeals, reiterating its argument that we should not consider the affidavit Coley designated below because it was inadmissible.

[13] When reviewing the grant of a summary judgment motion, we apply the same standard applicable to the trial court. *Wagner v. Yates*, 912 N.E.2d 805, 808 (Ind. 2009). Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.*

[14] Preliminarily, we must note that Coley represented herself at trial and represents herself again on appeal. Although individuals have a right to represent themselves in legal proceedings, a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind.

---

the condition of the apartment. Instead, she cites her testimony regarding the condition of Unit 3 in support of her argument that Dayspring evicted her in retaliation for her complaints to the Health Department.

2014). This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016), *reh'g denied.* These consequences may include waiver for failure to present cogent argument on appeal. *Id.* at 984. We will not become an "'advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.'" *Id.* (quoting *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*, *cert denied*).

[15] As the moving party, Dayspring had the burden of making a prima facie showing that Coley breached the terms of her lease. *See Goodwin*, 62 N.E.3d at 386. A lease is a type of contract. *Ind. Bureau of Motor Vehicles v. Ash, Inc.*, 895 N.E.2d 359, 365 (Ind. Ct. App. 2008), *reh'g denied.* "'The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages.'" *Id.* (quoting *Berkel & Co. Contractors, Inc. v. Palm & Assoc., Inc.*, 814 N.E.2d 649, 655 (Ind. Ct. App. 2004)). Here, Dayspring produced evidence of the contract (the Second Agreement), as well as evidence that Coley had breached the contract. The terms of the Second Agreement specified that Coley could live in Unit 3 until August 13, 2014. Then, according to CM Nannenga's designated affidavit, CM Nannenga orally agreed to extend the Second Agreement through September 1, 2014. She averred that, after September 1, 2014, she did not consent to Coley's failure to pay rent or failure to evacuate the apartment. As further evidence that she did not consent to a further extension of the Second Agreement, she sent a letter to Coley on

November 19, 2014, requesting that Coley vacate the property within thirty days. It is undisputed that Coley did not vacate the property as requested. Accordingly, Dayspring presented prima facie evidence that Coley breached the Second Agreement.

[16] Subsequently, the burden shifted to Coley to establish the existence of a genuine issue of material fact. *See Goodwin*, 62 N.E.3d at 386. Coley argued that she had an oral agreement with Dayspring that she could continue to live in Unit 3 after September 1, 2014 without paying rent. She supported this argument by designating an affidavit in which she averred that she had requested to stay until she had secured employment and saved enough money to move and that CM Nannenga had agreed with her request. However, in its cross-appeal, Dayspring asserts that we should not consider Coley's affidavit because it is unsworn and, therefore, inadmissible. We agree.

[17] In the determination of whether a genuine issue of material fact is present in a summary judgment proceeding, the trial court is "necessarily concerned about matters which may serve as evidence, that is, matters which may be taken as true if the case goes to trial." *Tannehill by Podgorski v. Reddy*, 633 N.E.2d 318, 321 (Ind. Ct. App. 1994), *reh'g denied*, *trans. denied*. Affidavits used for summary judgment purposes "are evidential in nature." *Id.* Accordingly, we have held that they must be subject to the penalties for perjury. *Id.*; *Jordan v. Deery*, 609 N.E.2d 1104, 1110 (Ind. 1993) ("there is no singular statutory rule regarding proper verification of an affidavit filed in connection with summary judgment proceedings. . . . The chief test of the sufficiency of an affidavit is its ability to

serve as a predicate for a perjury prosecution."). In order for an affiant to be subject to the penalties for perjury, the affiant must make the affidavit under "oath or affirmation." *See* I.C. § 35-44.1-2-1 (providing that a person commits Level 6 felony perjury if he or she "makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true"). Accordingly, we conclude that an affidavit provided in support of, or in objection to, a motion for summary judgment must be verified by an oath or affirmation.[2] *See id.*; *Tannehill by Podgorski*, 633 N.E.2d at 321-22 (holding that an affidavit was inadmissible because it was not verified by an oath or affirmation).

[18] Coley's affidavit here did not contain an affirmation or any indication that it was verified by oath. Accordingly, we conclude that it was inadmissible and that we may not consider it as evidence supporting Coley's arguments. *See* T.R. 56(E) ("Supporting and opposing affidavits . . . shall set forth such facts as would be admissible in evidence . . . .") Other than her inadmissible affidavit, Coley did not designate any evidence to establish the existence of a genuine issue of material fact regarding whether she breached the Second Agreement. Her other designated evidence, such as evidence of the Health Department's

---

[2] Notably, Indiana Trial Rule 11(B) provides that an affidavit may alternatively be verified by a "representation." In *Tannehill by Podgorski*, however, we concluded that "[a]n affirmation . . . is the keystone of the verification under T.R. 11(B) as it relates to perjury prosecution" because Trial Rule 11(B) states that the affiant may "'simply *affirm* [. . . ] by representation . . . .'" *Tannehill by Podgorski*, 633 N.E.2d at 322 (quoting T.R. 11(B)). In other words, Trial Rule 11(B)'s reference to representation is couched in terms of an affirmation.

evaluation of Unit 3,[3] related to the condition of the unit, which is not relevant to Dayspring's breach of lease claim.[4]  Because Coley failed to establish the existence of a genuine issue of material fact regarding Dayspring's breach of lease claim, we conclude that the trial court properly granted summary judgment on Dayspring's claim in favor of Dayspring.[5]

[19]  Affirmed

May, J., and Brown, J., concur.

---

[3] Dayspring has not challenged the admission of Coley's other designated exhibits.

[4] Coley seems to argue that Dayspring evicted her in retaliation for her Health Department complaints and that this alleged retaliation is an affirmative defense to Dayspring's breach of lease claim.  However, she has not provided any legal authority for her implication that retaliation may qualify as an affirmative defense to a breach of lease claim; all the cases that Coley cites relate to retaliation in the employment, retaliatory-discharge context.  Accordingly, we will not address this argument any further.

[5] Coley argues that we should consider the additional evidence she presented in her testimony at the summary judgment hearing.  However, in the summary judgment context, we may consider only those portions of the pleadings, depositions, and any other matters specifically designated to the trial court by the parties for purposes of the motion for summary judgment.  *Kashman v. Haas*, 766 N.E.2d 417, 420 (Ind. Ct. App. 2002).