## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2017, 11:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Donald Roy Smith
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Randall W. Graff
Kopka Pinkus Dolin, PC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald Roy Smith,

*Appellant-Plaintiff,*

v.

Autumn Trails Apt., *et al.*,

*Appellees-Defendants.*

October 31, 2017

Court of Appeals Cause No. 49A04-1701-CT-13

Appeal from the Marion Superior Court

The Honorable Timothy W. Oakes, Judge

Trial Court Cause No. 49D02-1411-CT-36361

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Donald Roy Smith (Smith) appeals the trial court's summary judgment in favor of Appellees-Defendants, Vandy Marie Bauer (Bauer), Autumn Trails Apartments Homes LLC (Autumn Trails Apartments), Gillian Downham, Muhamed Becovic, and Becovic Management Group of Indiana Inc. (Becovic Management) (collectively, Appellees).

We affirm.

# ISSUE

Smith presents one issue on appeal, which we restate as: Whether the trial court erred by granting the Appellees' motion for summary judgment.

# FACTS AND PROCEDURAL HISTORY

On January 15, 2011, Smith entered into a written lease for an apartment at Autumn Trails Apartments, which is managed by Becovic Management. At the end of the twelve-month term, Smith's lease was continued for another year. Smith's new lease (Lease) was to commence on March 1, 2013, and end on February 23, 2014. On October 3, 2013, Smith signed an addendum (Addendum) to the Lease, which provided that the tenancy was a month-to-month lease beginning on March 1, 2014, and ending on February 28, 2015. Further, the Addendum stipulated that Smith's rent was due on or before the 5th day of each month.

On April 4, 2014, Smith gave Autumn Trails Apartments a written notice stating that he did not intend to pay his rent for April. On April 5, 2014, the Autumn Trails Apartments informed Smith that if he did not honor his rent obligation by the end of that business day, he would be evicted from his apartment. On April 14, 2014, Smith presented Autumn Trails Apartments with a written thirty-day notice stating that he would be moving out of his apartment. On April 15, 2014, Autumn Trails Apartments filed a Notice of Claim for Possession of Real Estate against Smith in the Marion County small claims court.

On April 30, 2014, Autumn Trails Apartments and Smith both appeared for a hearing in the small claims court. At the close of the hearing, the small claims court ordered Smith to vacate his apartment by 4:00 p.m. on May 14, 2014. A day before his ordered moveout date, Smith filed a motion with the small claims court seeking an extension of time. In his motion, Smith claimed that for several weeks, he had requested Autumn Trails Apartments to forward his rental history information to another apartment complex where he had paid a $99 deposit for a new apartment. Smith alleged that Autumn Trails Apartments' failure to forward his rental history affected his chances of finding new housing by May 14, 2014. Smith's motion was denied. Smith attempted to appeal that decision, but he failed to pay the necessary filing fees. On June 12, 2014, Autumn Trails Apartments filed a Motion for Writ of Restitution, seeking to evict Smith. On June 13, 2014, the small claims court entered an

Order for Smith's eviction, and Smith was evicted on June 19, 2014, from his apartment.

[7] On November 5, 2014, Smith filed a Complaint in the Marion County Superior Court seeking damages. The bulk of Smith's grievances revolved around his eviction, which he maintained was wrongful and vindictive. Smith's other allegations was that Autumn Trails Apartments had failed to forward his leasing history information to prospective landlords. Smith alleged that Autumn Trails Apartments refusal to forward his leasing information was sabotage, and it prevented him from obtaining new housing prior to his ordered moveout date of May 14, 2014. Smith also claimed that after he was evicted, he endured "mental and physical abuse," and as a result, he incurred medical expenses for his treatments. (Appellant's App. p. 37).

[8] On February 10, 2015, the Appellees filed their Answer denying Smith's allegations. Between February of 2015 and January of 2016, Smith filed numerous motions seeking to submit several exhibits, the Appellees filed counter motions, and the trial court issued orders denying all of Smith's requests. Without citing to the Appellees' prior motions for extension of time to file their Answer to his Complaint, on August 2, 2016, Smith filed a motion for a default judgment, alleging that from November 5, 2014, to January 5, 2016, he had not received a response from the Appellees to his Complaint. That motion was denied.

[9]     On October 10, 2016, the Appellees filed a motion for summary judgment. Attached to their motion, the Appellees designated an affidavit by Bauer, the property director of Autumn Trails Apartments. In the affidavit, Bauer claimed that between March 2013 and February 2014, Smith had signed the Lease with Becovic Management to rent an apartment at Autumn Trails Apartments. Bauer also swore that Smith subsequently signed an Addendum to the Lease, which extended his tenancy for one more year, beginning March 2014 and ending February 2015. Bauer stated that the Addendum also incorporated the terms of the original Lease providing that "[f]ailure to pay rent in a timely fashion is grounds for eviction." (Appellees' App. Vol. II, p. 24). In the accompanying memorandum in support, the Appellees contended Smith's eviction was lawful after it had successfully proved in small claims court that Smith had breached the terms of the Lease and Addendum by failing to pay his rent in a timely fashion. On October 26, 2016, Smith filed his response, arguing that Bauer's affidavit lacked a signature, and although the Lease stipulated that rent is due on or before the 5th day of each month, he was not issued with a notice of late rent as mandated by terms of his Lease. As such, Smith argued that the Appellees' motion for summary judgment should be denied. In response to Smith's claims, the Appellees filed a reply refuting that Bauer's first affidavit was not signed, and resubmitted the affidavit. On November 16, 2016, the trial court summarily granted judgment in favor of the Appellees.

[10]    Smith now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[11] When reviewing the grant of a motion for summary judgment, we apply the same standard applicable to the trial court. *Wagner v. Yates*, 912 N.E.2d 805, 808 (Ind. 2009). Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The party moving for summary judgment has the burden of making a *prima facie* showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.*

[12] Initially, we note that Smith represented himself at the small claims court, at the superior court, and he represents himself again on appeal. Although individuals have a right to represent themselves in legal proceedings, a *pro se* litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). This means that *pro se* litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016). These consequences may include waiver for failure to present a cogent argument on appeal. *Id.* at 984. We will not become an

"'advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.'" *Id*. (quoting *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied, cert. denied*).

[13]  As the moving party, the Appellees had the burden of making a *prima facie* showing that Smith breached the terms of his lease. In support of their motion for summary judgment, the Appellees designated Smith's Lease and Addendum, which specified that Smith was a tenant at Autumn Trails Apartments in 2014, and his rent was due on or before the 5th day of every month. In the accompanying memorandum, and in referencing Smith's Complaint, the Appellees asserted that Smith had admitted not paying his rent as provided by his Lease beginning April of 2014. The Appellees also pointed out that after Autumn Trails Apartments filed a Notice of Claim for Possession of Real Estate against Smith in the small claims court, and a hearing on the same was conducted, Smith was ordered to vacate his apartment by May 14, 2014. Despite the order, Smith failed to move out, and on June 12, 2014, Autumn Trails Apartments had to file a subsequent motion seeking Smith's forceful eviction. Thus, the Appellees presented *prima facie* evidence that Smith's eviction was not improper.

[14]  Subsequently, the burden shifted to Smith to establish the existence of a genuine issue of material fact. In the bulk of his seventeen-page Complaint, Smith asserted that the Appellees breached the Lease and Addendum by failing to make necessary repairs of his apartment. Smith indicated he retaliated by not

paying his rent by April 5, 2014, and subsequently issued Autumn Trails Apartments with his thirty-day written notice of his intention to vacate his apartment. Notwithstanding his refusal to pay rent, his initial written notice of his intent to vacate his apartment by May 14, 2014, and an order by the small claims court directing him to vacate by May 14, 2014, throughout his Complaint, Smith, sustained an argument that he was wrongfully evicted by Autumn Trails Apartments. In the reminder of his claims, Smith posited that if Autumn Trails Apartments had released his rental history information to other property managers, he would have obtained new housing by May 14, 2014. Smith claimed that he was homeless as a result of the wrongful eviction, and because he moved in with his sister and slept on her couch, he had been experiencing excruciating back pain. In his response to the Appellees' motion for summary judgment, Smith claimed that his eviction was wrongful because the Appellees failed to give him a late notice for unpaid rent, or give him a ten-day notice to quit before initiating the eviction proceedings in small claims court. Smith did not designate any evidence; instead, the litany of his complaints spun around the Appellees' inaction of forwarding his rental history information to the other property managers by May of 2014, which he claims would have enabled him to obtain new housing before his moveout date.

[15] The undisputed facts before the trial court were that Smith had signed a Lease with Autumn Trails Apartments in 2014, and his rent was due on or before the 5th of every month. Despite the terms of his Lease, Smith failed to pay his rent, thereby breaching his contract. In as much as he claims that his eviction was

wrongful, the evidence shows that Smith informed Autumn Trails Apartments that he would not pay his rent on time. After receiving Smith's notice, Autumn Trails Apartments informed Smith that he would be evicted if he did not pay his rent on time. Thereafter, Smith issued Autumn Trails Apartments with a thirty-day written notice of his intent to vacate his apartment by April 14, 2014. Moreover, after the small claims court issued an order in favor of the Appellees and directed Smith to vacate his apartment by May 14, 2014, Smith did not vacate; instead, he illegally remained in his apartment until July 19, 2014, when he was lawfully evicted following a subsequent order. As such, we find that the Appellees presented *prima facie* evidence that Smith breached his tenancy agreement, and his eviction, as ordered by the small claims court, was not wrongful. Here, Smith gives us no concrete evidence to doubt the trial court's conclusion that there are no genuine issues as to any material facts and the Appellees are entitled to judgment as a matter of law. Accordingly, we find no error.

## CONCLUSION

[16] Based on the foregoing, we conclude that trial court properly granted summary judgment to the Appellees.

[17] Affirmed.

[18] Robb, J. and Pyle, J. concur